IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE CADLE COMPANY, § | |
| § | |
| PLAINTIFF § | |
| § | |
| § | |
| V. § | No. 5:15-CV-217-RP |
| § | |
| THOMAS G. KEYSER, LAW OFFICES OF § | |
| THOMAS G. KEYSER, P.C., § | |
| MICHAEL G. COLVARD, MARTIN & § | |
| DROUGHT, P.C. F/K/A MARTIN, § | |
| DROUGHT & TORRES, INC., JESSIE R. § | |
| CASTILLO, G. WADE CALDWELL, § | |
| BARTON, EAST & CALDWELL, P.L.L.C., § | |
| § | |
| DEFENDANTS § | |

# ORDER

Before the Court are Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed May 25, 2015 (Clerk's Dkt. #63); Defendants G. Wade Caldwell and Barton, East & Caldwell, P.L.L.C.'s Response to Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed June 2, 2015 (Clerk's Dkt. #64); Defendant Keyser's Response in Opposition to Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed June 3, 2015 (Clerk's Dkt. #65); Defendants Michael G. Colvard and Martin & Drought, P.C. f/k/a Martin, Drought & Torres, Inc.'s Response to Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed June 4, 2015 (Clerk's Dkt. #67); Plaintiff's Reply to Defendants G. Wade Caldwell and Barton, East & Caldwell, P.L.L.C.'s Response to Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed June 9, 2015 (Clerk's Dkt. #68); Plaintiff's Reply to Defendant Thomas G. Keyser's Response in Opposition to Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed June 10, 2015 (Clerk's Dkt. #69); and Plaintiff's Reply to Michael G. Colvard and Martin & Drought, P.C. f/k/a Martin, Drought & Torres, Inc.'s Response to

Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint, filed June 11, 2015 (Clerk's Dkt. #70).  Having reviewed the parties' pleadings, the applicable case law and the entire case file, the Court issues the following Order.

## Background

Plaintiff filed this legal malpractice lawsuit on August 12, 2014 against the various Defendants, all of whom represented Plaintiff at one time or another in relation to prior litigation involving debt collection.  An Amended Scheduling Order submitted by the parties was entered in this action on March 31, 2015, setting May 25, 2015 as the deadline for filing amended pleadings.  Plaintiff moved to amend its complaint on May 25, 2015, seeking to allege additional facts supporting its existing claims and to assert additional claims against certain of the defendants for breach of fiduciary duty, fraud, civil conspiracy, and seeking to recover exemplary damages.  Defendants oppose Plaintiff's request on the grounds that such amendments: (1) constitute the impermissible fracturing of Plaintiff's legal malpractice claim, and are thus futile; (2) are an impermissible attempt to revive Plaintiff's right to a jury trial; and (3) are prejudicial.

## Standard of Review

Leave to amend should be freely given "when justice so requires."  FED. R. CIV. P. 15(a).  There is a strong presumption in favor of granting leave to amend under Rule 15(a).  *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006).  The Supreme Court has set forth five factors to be taken into consideration when deciding whether leave to amend should be granted: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failures to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962).  An amendment is futile if the amended complaint is subject to dismissal under Rule 12(b)(6).  That is, if the complaint fails to state a claim upon which relief could be granted.  *Stripling v. Jordan Prod. Co.*, 234 F.3d 863 (5th Cir. 2000).  Whether to grant leave to amend is

within the discretion of the Court.  *See Blackwell*, 440 F.3d at 291.

## Discussion

Plaintiff's proposed First Amended Complaint asserts new cause of action against Defendants Thomas G. Keyser, Michael G. Colvard, Martin & Drought, P.C., G. Wade Caldwell and Barton, East & Caldwell (which Defendants are collectively referred to herein as the "Keyser Defendants") for fraud, breach of fiduciary duty, civil conspiracy and exemplary damages.

Defendants argue that because these new causes of action result from Plaintiff's impermissible attempt to divide or "fracture" its legal malpractice claim, they cannot withstand a challenge under Rule 12(b)(6) and Plaintiff's request to amend should therefore be denied as futile.[1]

Under Texas law, a plaintiff cannot divide a legal malpractice claim "that sounds only in negligence into other claims." *Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex. App.--Houston [14th Dist.] 2002, no pet.).  However, this "does not mean that clients can only sue their attorneys for negligence." *Id.*  The plaintiff must do more than "merely reassert the same claim for legal malpractice under an alternative label.  The plaintiff must present a claim that goes beyond what traditionally has been characterized as legal malpractice." *Duerr v. Brown*, 262, S.W.3d 63, 70 (Tex. App.--Houston [14th Dist.] 2008, no pet.).

When considering the issue, the analysis is as follows:

> If the gist of a client's complaint is that the attorney did not exercise that degree of care, skill, or diligence as attorneys of ordinary skill and knowledge commonly possess, then that complaint should be pursued as a negligence claim, rather than some other claim.  If, however, the client's complaint is more appropriately classified as another claim, for example, fraud, DTPA, breach of fiduciary duty, or breach of contract, then the client can assert a claim other than negligence.

*Deutsch*, 97 S.W.3d at 189-190.

---

[1] Arguing Plaintiff's conduct in filing this motion violates Federal Rule of Civil Procedure 11(b), Defendant Thomas Keyser asks the Court to issue an order requiring Plaintiff to show cause why it should not be sanctioned pursuant to Rule 11(c).  In light of the Court's ruling set forth herein, the Court need not address the issue of sanctions.

Plaintiff seeks leave to amend its complaint to assert additional claims against certain of the Defendants for fraud, breach of fiduciary duty and civil conspiracy. The question therefore is whether these additional claims constitute independent causes of action or are merely variations of the negligence claim with different labels.

Citing to information recently uncovered in the discovery process, Plaintiff alleges the Keyser Defendants were not only negligent in their legal representation of Plaintiff, but that they willfully made false statements, fraudulently concealed information, placed their own interests before those of their client and engaged in a civil conspiracy to defraud Plaintiff. These are not allegations of negligence, but rather willful, tortious misconduct that goes beyond a claim for legal malpractice. The Court finds Plaintiff has alleged facts sufficient to show the additional claims are independent causes of action and not simply the impermissible fracturing of the legal malpractice claim.

In their response, Defendants Michael G. Colvard and Martin & Drought, P.C. also object to the amendment of Plaintiff's complaint to the extent it includes a demand for a jury trial, which demand was not included in Plaintiff's original complaint. Defendants argue that with respect to the Keyser Defendants, Plaintiff failed to timely file a jury demand under Federal Rule of Civil Procedure 38, and cannot revive its right to a jury trial through an amended pleading. The Court finds it need not decide this issue.

Under Federal Rule of Civil Procedure 39(b), a court has the discretion, upon motion, to "order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 36(b). Although Plaintiff has not filed a motion pursuant to Rule 36(b), federal courts have treated an untimely filing of a jury demand as a motion for purposes of requesting relief under Rule 39(b). *See Swofford v. B&W,* Inc., 336 F.2d 406, 409 (5th Cir. 1964); *Territa v. Oliver*, 2014 U.S. Dist. LEXIS 90 at 10 (E.D. La. Jan. 2, 2014). Therefore, to the extent the Jury Demand filed by Plaintiff on April 17, 2015 (Clerk's Dkt. #54) is untimely as to any Defendant, this Court shall treat the Jury Demand

as a request for relief under Rule 39(b).

With respect to relief under Rule 39(b), "the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990)(internal citations omitted).  The Court finds no such compelling reasons in the present case, and hereby exercises its discretion under Rule 39(b) to allow Plaintiff its right to a jury trial with respect to every Defendant.

Finally, as for the argument that allowing Plaintiff's proposed amendment at this late date would be prejudicial, the Court notes Plaintiff sought leave to amend within the applicable deadline set forth in the Amended Scheduling Order submitted by the parties.  Plaintiffs request is not untimely, and allowing the amendment would not prejudice the Defendants.

The Court finds Plaintiff should be granted leave to amend its complaint.

**IT IS THEREFORE ORDERED** Plaintiff The Cadle Company's Opposed Motion for Leave to File First Amended Complaint (Clerk's Dkt. #63) is hereby **GRANTED**.

In light of the filing of Plaintiff's First Amended Complaint, Defendants' Motion for Summary Judgment, filed on June 4, 2015 (Clerk's Dkt. #66), is hereby **DISMISSED WITHOUT PREJUDICE TO REFILING**.

**SIGNED** on June 15, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE